[No. 21764. *En Banc.* January 10, 1930.]

PETER ALONZO, *Respondent*, v. C. R. ROGERS *et al.*, *Appellants.*[1]

*Fred C. Brown,* for appellants.

*Mifflin & Mifflin,* for respondent.

MILLARD, J.—This is an action to recover damages alleged to have resulted to the plaintiff from the negligence of Dr. Rogers, a dentist, in extracting one of

[1]Reported in 283 Pac. 709.

plaintiff's teeth. The cause was tried to the court and a jury. From judgment entered upon the verdict in favor of plaintiff, the defendants have appealed.

The negligence claimed by respondent is that the appellants caused a hypodermic needle to break and become embedded in respondent's gum. Respondent alleged:

"That, on or about the 23rd day of May, 1928, the plaintiff submitted himself to the defendants for dental work, and the defendants advised the extraction of one of plaintiff's teeth. That, in the extraction of said tooth, the. defendants, in order to lessen the pain of said extraction, attempted to inject into the gum of the plaintiff, in or near the vicinity of where the extraction was to take place, a quantity of cocaine or novocaine, or other substance for the deadening of the nerves. That, in the operation of injecting said substance into the gum, the defendants used a hypodermic needle, and, in making the said injection, so negligently, carelessly and recklessly conducted the operation as to break off the needle from the said hypodermic instrument, with the result that said hypodermic needle became, and is still, embedded in the gum in the plaintiff's mouth."

Answering, appellants denied that any negligence on their part caused the breaking of the needle and the embedding of same in respondent's gum, and, as an affirmative defense, alleged that respondent's injury was caused by his own negligence:

"Further answering said complaint, and by way of an affirmative defense, defendants state that the said hypodermic needle was broken by the careless and negligent acts of plaintiff in this: that, before inserting said needle, the defendant, C. R. Rogers, informed plaintiff that he was going to deaden the nerves around said tooth, and told him that there would be a slight pain as said needle was first inserted, and for him to hold quiet and not move; that, as the defendant, C. R. Rogers, commenced to insert said needle, the plaintiff

carelessly, negligently and violently jerked his head forward and down and before said needle could be withdrawn, thereby causing it to break without any carelessness or negligence on behalf of the defendant, C. R. Rogers."

The principal question presented is that of the legal sufficiency of the evidence to sustain respondent's cause of action. Appellants contend that the evidence fails to support any finding of negligence on the part of appellants, and also that the evidence conclusively established, as the cause of respondent's injury, respondent's negligence in jerking his head, though warned by Dr. Rogers not to do so.

It appears from the evidence that respondent called at the office of appellants for dental treatment. Dr. Rogers examined the respondent's teeth and advised the respondent that one of the upper front teeth should be extracted. Dr. Rogers also advised respondent Alonzo of the desirability of injecting into the gum a local anaesthetic which would deaden the pain incident to the extraction of the tooth. To all of this Alonzo agreed. Dr. Rogers then injected into the gum, immediately behind the tooth, a hypodermic needle for the purpose of injecting through the needle a suitable anaesthetic fluid. While thus injected, a point of the needle broke off, a piece of the point remaining in respondent's gum. Dr. Rogers did not, at that time, attempt to locate and remove the point, because, so he testified, of the inflamed and lacerated condition of the respondent's mouth and the danger of spreading infection to the other teeth. He testified that he directed respondent to return on the following Monday; however, the respondent did not return until five days later, when Dr. Rogers took an X-ray photograph of respondent's jaw and located approximately the position of the broken needle, but was unable to remove

it at that time because of the tenderness of the respondent's mouth in the region where the needle point was located.

Dr. Rogers also testified that, at that time, the respondent was instructed to return the following Monday, but the patient never returned. This is denied by Alonzo, who testified that he returned to the appellants' place of business three times to give them an opportunity to remove the needle, which they did not do. The respondent went to another dentist, who was unable to locate and remove the needle. He then underwent an operation under a general anaesthetic for the purpose of removing the needle, but the operation was unsuccessful. The needle was sharp at the upper end and blunt or jagged at the lower end, and it worked upward into the roof of the mouth and has caused the respondent a great deal of suffering.

At the time of the trial, all efforts to remove the needle had been unsuccessful. A dentist, one of appellants' witnesses, testified: "In my experience, it is not an unusual thing for a needle to break while injecting fluid for the purpose of deadening pain." One of the expert witnesses for appellants testified that the needle is a delicate instrument "if it isn't used right." Dentists, witnesses for appellants, testified that the needle used was a standard one and, because of the delicacy of the instrument, would sometimes break and become lodged in the mouth of the patient, notwithstanding the utmost care and skill on the part of the operator. There was testimony, also, to the effect that the course of treatment adopted by appellant after the accident conformed to that followed by competent dentists.

Dr. Rogers testified, as did an attendant who was present when the needle broke, that Alonzo was told to keep quiet and not move; that, when the needle was inserted, the respondent jerked his head in such a

violent manner as to cause the breaking of the needle. Respondent and his wife, who was with him when the needle broke, contradicted that testimony. Both testified that they were not warned by Dr. Rogers, and that the respondent did not move his head until the remaining portion of the needle was withdrawn. Respondent, on the witness stand, showed how he sat in the dental chair and the impossibility of his jerking his head in the manner Dr. Rogers testified respondent moved. Both Alonzo and his wife testified through an interpreter, neither speaking English intelligibly.

Appellants argue that, since we have direct evidence only of the injection and the breaking of the needle in respondent's gum, pointing to negligence on the part of Dr. Rogers, such evidence is not sufficient to warrant the jury finding Dr. Rogers negligent in any such substantial degree as to render him and his associates liable for the injury to respondent.

Clearly, considering the degree of care with which Dr. Rogers was charged in the use of the hypodermic needle, in view of his undertaking as a dental surgeon to treat respondent, a question of fact was presented to the jury. There was evidence warranting the jury in believing that some negligent manipulation of the needle by Dr. Rogers caused it to break while inserted in respondent's gum.

We are not overlooking the testimony of one of the dental experts that, in his experience, it was not unusual for a needle, while so used, to break, nor are we unmindful of the testimony of another dental witness that the needle is a delicate instrument *"if it isn't used right."* The testimony that such occurrences are not unusual was not such as to compel the jury to find that the needle was not so negligently manipulated while in respondent's gum as to cause the needle to break.

In discussing the doctrine of *res ipsa loquitur* as a rule of evidence, Professor Wigmore, in Wigmore on Evidence, vol. 5 (2d ed.), p. 492, § 2509, says:

"What the final accepted shape of the rule will be can hardly be predicted. But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from careless construction, inspection, or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

The evidence shows that the needle was of a standard make and that no injurious result would be expected, unless from careless use of it by the operator or unless the patient moved his head during the operation. Both inspection and user were, at the time, in the exclusive control of the dentist. The testimony was conflicting as to whether the respondent moved his head, thus breaking the needle, but the jury, by its verdict, found that the respondent did not move his head while the needle was injected in the gum. The injury, therefore, happened without any voluntary action on respondent's part at the time.

There was no testimony that the breaking of the hypodermic needle by dental surgeons in the gums of their patients was of frequent occurrence. Surely such results are unnecessary, and are not to be anticipated if the proper degree of care is exercised by dental surgeons. If such accidents were frequent the

212

dentists would quit using hypodermic needles and employ some other method for deadening pain. Under the facts of this case, it was for the jury to find whether the appellants were negligent in breaking the hypodermic needle in the respondent's gum and leaving a part embedded there. The trial court correctly decided that the case should be submitted to the jury.

Refusal of the trial court to give two requested instructions is assigned as error and is very briefly argued. The ground was sufficiently covered by instructions given in the court's own language.

The judgment is affirmed.

All concur.